■ AILEEN GRAVELLE, as Executrix of GORDON GRAVELLE, Deceased, et al., Appellants, v. JAMES HOWRIGAN, Respondent.— In a negligence action to recover

damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Queens County, entered June 3, 1970, in favor of defendant, upon a jury verdict. Appellant and her hsuband (appellant's intestate) were the original plaintiffs. The husband died during the pendency of the appeal, from causes unrelated to the accident. Judgment affirmed, with costs. The jury found for defendant and in our opinion the evidence supports that determination. The only ground relied upon by the dissent for reversal and new trial was the alleged error in permitting a portion of the unsigned examination before trial of the plaintiff husband to be read to the jury by defendant's counsel. As noted in the dissent, defendant's counsel stated to the court that both he and plaintiffs' counsel were present at the examination and that the plaintiff husband was sworn before he testified. Plaintiffs' counsel did not dispute this and, in fact, turned down an offer by the trial court to have defendant's counsel take the stand to repeat his statement under oath. Likewise, plaintiffs' counsel rejected an offer to have his client take the stand to give his version of the alleged inaccuracies in the transcript of the examination. It is interesting to note the plaintiff husband claimed that only that small portion read by defendant was inaccurate. He was willing to acknowledge the accuracy of the rest of the transcript. These circumstances, plus the fact that the transcript included a stipulation between counsel for both sides that filing and certification of the original of the deposition were waived, convince us that plaintiffs were not prejudiced by what took place and are not entitled to a new trial. Munder, Acting P. J., Latham, Gulotta and Christ, JJ., concur; Martuscello, J., dissents and votes to reverse and grant a new trial, with the following memorandum: This is an automobile negligence case in which the jury found for defendant. During the course of the trial, counsel for defendant read to the jury portions of the plaintiff husband's examination before trial. Objection was taken on the ground that the examination had not been signed by the plaintiff husband. The statements in the examination were clearly damaging to plaintiffs. During a colloquy in the absence of the jury, defendant's counsel told the trial court that he and counsel for plaintiffs were at the examination and that the plaintiff husband had been sworn before he testified. Counsel further claimed that the questions and answers he had read to the jury were the questions and answers given on the examination. Plaintiffs' counsel stated that the plaintiff husband refused to sign the transcript of the examination because he disputed its accuracy. In a situation such as this, counsel for defendant should have taken the stand and established the accuracy of the transcript. This would have established that the plaintiff husband was sworn at the time of the examination and gave the answers read by counsel and thus any adverse statements in the examination would have been informal judicial admissions. While counsel for defendant offered to take the stand and lay a foundation for admission of the examination before trial into evidence and counsel for plaintiffs objected, the failure by defense counsel to do so and to lay such foundation requires a new trial.